UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORIO COGNETTO,

    *Plaintiff*,

CASE NO. 14-CV-10006

*v.*

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(Doc. 2)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

### II.    REPORT

Pending, pursuant to an order of reference for general case management from United States District Judge Victoria A. Roberts issued on January 3, 2014 (Doc. 3), is Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2.) This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to

insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal

2

income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System,* No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3rd Cir. 2013)(holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Management*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005)(the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)(courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend.'").

The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status. *Onischuk v. Johnson Controls, Inc.*, 192 Fed. Appx. 532, 2006 WL 1307456 (7th Cir. May 3, 2006)(affirming denial of IFP status where Plaintiff refused to disclose wife's income on affidavit); *Upshur v. M/I Schottenstein Homes, Inc.*, 202 F.3d 262, 1999 WL 1221393 (4th Cir. Dec. 21, 1999)(affirming denial of IFP status where Plaintiff failed to provide information about his wife's income).

In this case, Plaintiff indicates that his spouse's monthly income is $1,920, and that he receives "Social Security Disability Insurance payment in the amount of $1,800 per month." (Doc. 2 at 1.) Therefore, Plaintiff and his spouse's combined income is $3,720 per month. In addition, Plaintiff indicates that he owns a condominium valued at $60,000 and two cars valued at

3

approximately $8,000 total. (Doc. 2 at 2.) Plaintiff also indicated that he has accumulated some debt, including student loans, and that he provides support for his children in the total amount of $700 per month. (*Id.*) Nonetheless, in light of the income and assets, I suggest that Plaintiff possesses the financial ability to cover the costs of litigation without undue financial hardship.

Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in this application. *See, e.g.,Paco v. Myers*, No.13-00701 ACK-RLP, 2013 WL 6843057, at *2 (D. Hawai'i Dec. 26, 2013)(adopting report recommending denying IFP where the plaintiff had a monthly income of $1,729 despite fact that wife was financially dependent on the plaintiff); *Will v. Chase Home Finance*, No. 4:13-CV-387-Y, 2013 WL 5967839, at *1 (N.D. Tex. Nov. 8, 2013)(adopting report recommending that IFP application be denied where plaintiff's income was $2,700 per month); *Brown v. Dinwiddle*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal); *Whatley v. Astrue*, No. 11-CV-1009 (NAM/ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011)(denying IFP application where, after child support and other obligations were accounted for, the plaintiff retained $36,000 per year in disability income); *Ficken v. Golden*, No. 09-0071, 2009 WL 637001, at *1 (D.D.C. Mar. 9, 2009)(denying IFP application where the plaintiff complained of a "negative cash flow situation" but also reported a pension in the amount of $16,440, social security benefits of $10,340, interest income of $200, rental payments of $11,560, rebates and sales of $500 over the past twelve months, ownership of a rental house, and ownership in a family farm valued at $32,800); *Powell v. Harris*, No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

4

In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of his litigation and still provide for himself. Accordingly, I suggest that Plaintiff's application be denied because his access to court is not blocked by his financial condition, but rather he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

      s/ *Charles E Binder*
      CHARLES E. BINDER
Dated: January 10, 2014      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: January 10, 2014              By     s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder