## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORIO COGNETTO,

     Plaintiff,                      CIVIL ACTION NO. 14-10006

   v.                         DISTRICT JUDGE VICTORIA A. ROBERTS
                                  MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

    **IT IS RECOMMENDED** that Plaintiff and Defendant's Motion for Summary Judgment should be **DENIED**, and the case **REMANDED** to the Commissioner for further proceedings to include supplemental vocational expert testimony in order determine whether alternative jobs existed during the relevant period in the national economy that claimant could have performed, given his non-exertional limitations.

II.   **REPORT**

A.   **Introduction and Procedural History**

Plaintiff filed an application for Social Security disability insurance benefits on May 15, 2009[1], alleging that he had become disabled and unable to work on March 3, 2009, at age 47, due a bi-polar disorder, post-traumatic stress disorder (PTSD) and generalized anxiety. Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held on October 5, 2010, before Administrative Law Judge (ALJ) Theodore Grippo. The ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a full range of work at all exertional levels.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing (TR 35). He had graduated from high school, and had been employed as a warehouse supervisor, food salesman and retail sales clerk during the relevant past (TR 36).  Claimant testified that he was totally disabled as a result of depression , a bi-polar disorder, and generalized anxiety

---

[1]Plaintiff filed a prior application for disability benefits alleging the same disability as the present application, which was denied by the SSA and not pursued further. Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (March 2, 2009). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981).  A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of res judicata.

(TR 37). He asserted that he did not have any interests or hobbies (TR 43, 45). Plaintiff alleged that he spent the majority of time at home isolated in his room having little contact with family or friends (TR 39, 44).

Plaintiff also stated that he was robbed at gunpoint in November, 2008 (TR 41). As a result, claimant reported symptoms consistent with post-traumatic stress disorder (TR 42-44). He also had a history of compulsive gambling, but had been attending gamblers anonymous three times a week (TR 42). Claimant asserted that he no longer had a desire to gamble (TR 42).

A Vocational Expert, Harry Cynowa, classified Plaintiff's past work as light to medium, semi-skilled activity (TR 47). He was not asked by the ALJ to identify jobs that the claimant could still perform given his age, education and residual functional capacity.

### B.    ALJ Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of a bi-polar disorder, PTSD, anxiety and a history of compulsive gambling, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairments precluded him from performing skilled worked activity. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of semi-skilled work at all exertional levels, including his past work as a food/retail sales clerk (TR 65-73).

### C.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual

4

issues, <u>Faucher v. Secretary</u>, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "<u>compels</u>" the conclusion that a plaintiff has established legal entitlements to benefits.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[2] for additional fact finding.

In the instant case, Plaintiff maintains that his emotional difficulties have prevented him from returning to work.  The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2015).

**D.    Discussion and Analysis**

After review of the record, I suggest that substantial evidence fails to support the Commissioner's conclusion that Plaintiff retained the residual functional capacity to perform a full range of semi-skilled work at all exertional levels.  The Law Judge erred when he chose not to ask any hypothetical questions to the Vocational Expert that accurately portrayed the claimant's non-exertional mental limitations.  As a result, I suggest that the Commissioner

---

[2]Sentence four of 42 U.S.C. 405(g) states:
The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

failed to sustain her burden of proving that substantial numbers of specific jobs accommodating claimant's functional restrictions existed in the national economy.

Plaintiff sought emergency room treatment in November 2008, for a sudden onset of his bi-polar illness, but he left the hospital against medical advice without undergoing a mental status examination (TR 241). Two weeks later, claimant's primary care physician, Dr. Kelly Machesky, referred him for psychiatric care after he reported being robbed at gunpoint (TR 239).   Treatment records revealed that Plaintiff was treated for symptoms of anger, paranoia and generalized anxiety secondary to the robbery.  Following outpatient therapy and monthly medication management, the claimant reportedly exhibited appropriate appearance, insight, judgment, orientation, memory, attention span and intellectual capacity (TR 270).

Dr. Marchesky reported in December 2009, that  Plaintiff's mental status remained unstable and that he continued to suffer emotional problems.  In a residual functional capacity evaluation, the treating doctor indicated that the claimant experienced marked restrictions in activities of daily living.  In addition,  Plaintiff exhibited marked difficulties with social functioning, and that his concentration, persistence and pace remained noticeably impaired.  According to Dr. Marchesky, claimant had at least one to two episodes of decompensation in recent months (TR 318).  The treating doctor explained that Plaintiff's residual disease process resulted in such marginal adjustment that even a minimal increase in mental demands would cause decompensation. Moreover, Dr. Marchesky estimated that claimant had at least a one year history of being unable to function outside a highly supportive living arrangement (TR 319).

6

In a follow-up mental status evaluation performed in September 2010, Dr. Marchesky reported that Plaintiff continued to experience marked restrictions in activities of daily living and social functioning. Concentration, persistence and pace remained impaired, and claimant now had four or more episodes of decompensation. As result, the treating doctor opined that Plaintiff was completely unable to function outside of the home (TR 349-350, 352-353). While the claimant could understand, remember, and carry out simple instructions, he was unable to respond appropriately on a sustained basis to supervision, co-workers, or usual work situations. Dr. Marchesky added that claimant could not deal with changes in a routine work setting (TR 354).

Two other mental health professionals who treated claimant at the Macomb County Community Mental Health Clinic concurred that he was unable to respond appropriately to various situations found in a typical work environment. Dr. Lovell Guanco stated in September 2010, that Plaintiff could understand, remember and carry out simple instructions, but that he could not respond appropriately on a sustained basis to co-workers or usual work situations. He also could not deal with changes in routine work settings (TR 329). Mr. Chris Hansen, M.S.W., reached virtually the same conclusion in his September 2010 assessment. The examiner opined that Plaintiff could not respond appropriately on a sustained basis to supervision (TR 330).

As noted earlier, the ALJ declined to propound hypothetical questions to the Vocational Expert. A hypothetical question posed by an ALJ to a vocational expert must accurately portray the claimant's physical and mental impairments. Varley v. Secretary of

7

Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). If a claimant is found to have moderate limitations in the ability to concentrate, persist or keep pace, these limitations must be incorporated into the hypothetical question to the Vocational Expert. Edwards v. Barnhart, 383 F.Supp 2d 920, 930-931 (E.D. Mich 2005). Limitations in concentration, persistence or pace, reasoned the Edwards court, usually results in an inability to meet quotas, stay alert or work at a consistent rate of speed. Edwards, 383 F. Supp. 2d at 930. Since each of the jobs identified by the vocational expert in Edwards required a degree of sustained concentration, persistence or pace, the court remanded the case for additional vocational expert testimony. The court remanded because it had no way of knowing how many jobs are available for a person with such difficulties. Id. at 931. The Sixth Circuit subsequently affirmed the need for a remand in all cases where the claimant was found to have moderate limitations in concentration, persistence or pace, but the ALJ failed to incorporate the restriction into the hypothetical to the vocational expert. Ealy v. Commissioner, 594 F.3d 504, 516 (6th Cir. 2010)

In the instant case, the ALJ decided not to ask the Vocational Expert present at the hearing any hypothetical questions (TR 47). Instead, the ALJ chose to terminate the sequential disability evaluation process at step four, and find that Plaintiff retained the residual functional capacity to perform a full range of semi-skilled work at all exertional levels, including his past work as a food/retail sales clerk (TR 67, 72). Given claimant's continued mental health difficulties, as consistently noted by his treating physicians, particularly his diminished capacity to concentrate and to respond appropriately to

8

co-workers and supervisors, I conclude that Vocational Expert testimony is necessary to determine whether jobs still exist for claimant to perform accommodating his known non-exertional limitations.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). Accordingly, the instant case should be remanded to the Commissioner for further proceedings to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy from his alleged onset date of disability. A remand will also give the ALJ an opportunity to obtain updated medical evidence from December 2010, the date of administrative hearing, through June 30, 2013, when insured status expired.

## III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

9

specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: July 14, 2015

10